# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

RICCO N. JONES,                                      :
                                                     :
                    Plaintiff,            :          Civ. No. 18-10189 (FLW) (LHG)
                                                     :
        v.                                  :
                                                     :
MATTHEW MURPHY et al.,                               :          **MEMORANDUM AND ORDER**
                                                     :
                 Defendants.            :
                                                     :

---

Plaintiff *pro se*, Ricco N. Jones ("Plaintiff"), a state prisoner, seeks to bring a civil rights

action under 42 U.S.C. § 1983. A complaint must generally include either a $400.00 fee (a

$350.00 filing fee plus a $50.00 administrative fee) or an application to proceed *in forma

pauperis*.[1] 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff's filing included neither. Accordingly, the

Clerk of the Court will be ordered to administratively close the case. Plaintiff may reopen this

---

[1]    A prisoner who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each institution at which he was or is confined. *See id.*

    Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

    Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

    If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application.

Therefore, IT IS, on this 17th day of October 2018,

ORDERED that the Clerk shall administratively terminate this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original Complaint was timely; and it is further

ORDERED that Plaintiff may have the above entitled case reopened, if, within thirty (30) days of the date of the entry of this order, Plaintiff either pre-pays the $400 filing fee **or** submits to the Clerk a complete signed *in forma pauperis* application, including a certified six-month prison account statement and complete affidavit; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on plaintiff by regular U.S. mail: (1) this Memorandum and Order; and (2) a blank Application to Proceed *in Forma Pauperis* in a Civil Rights Case, form DNJ-Pro Se-007-A-(Rev05/2013).

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge