UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RICCO N. JONES,

   Plaintiff,

 v.

MATTHEW MURPHY et al.,

   Defendants.

Civ. No. 18-10189 (FLW) (LHG)

**OPINION**

---

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Ricco N. Jones ("Jones" or "Plaintiff"), is a pretrial detainee presently held at the Somerset County Jail, in Somerville, New Jersey. He seeks to proceed *pro se* with a Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court now screens the Complaint under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons stated herein, the Complaint is dismissed.

## II. BACKGROUND

**A. The Complaint**

Jones asserts various claims concerning criminal proceedings against him in 2012 and 2013. (*See* ECF No. 1.) Jones's factual allegations are unclear, but he seems to allege that defendant Joseph Walsh Jr. ("Walsh"), an officer with the Raritan police department, obtained a warrant for Jones's arrest, despite a lack of probable cause, from defendant Judge Robert Reed ("Judge Reed"). (*Id.* at ECF p. 8–9.) Jones contends that Judge Reed subsequently let Walsh present false testimony to secure an indictment against Jones and that Judge Reed conspired with the prosecutor, defendant Matthew Murphy ("Murphy"), and with Jones's public defender,

defendant Matthew Katzenbach ("Katzenbach"), to coerce Jones into accepting a guilty plea. (*Id.* at ECF pp. 9, 11–14.) Jones alleges that Walsh arrested him and gave false testimony as retaliation for Jones "not cooperating or giving information about crimes that Walsh Jr, thought Plaintiff had." (*Id.* at ECF p. 11.) Jones contends that Katzenbach, in order to get Jones to sign a plea deal, misrepresented to him that all "false allegations" had been dismissed, when, in fact, one remained. (*Id.* at ECF p. 14.)

I construe Jones's complaint as attempting to assert claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution. He seeks declaratory judgment, compensatory and punitive damages in the amount of $2 million, as well as "nominal" damages in the amount of $2 million. (ECF No. 1 at ECF p. 15.)

**B. Jones's Prior Action**

As Jones acknowledges in his complaint, he previously filed another lawsuit before this court concerning the same issues. *See Jones v. Walsh*, Civ. No. 15-2629 (FLW) (LHG). In that action, which he filed on April 13, 2015, Jones first alleged § 1983 claims against Walsh, Murphy, and John Doe defendants, which the Court construed as claims for false arrest, false imprisonment, and malicious prosecution. Civ. No. 15-2629, ECF Nos. 1 & 3. I permitted the false-arrest and false-imprisonment claims to proceed as against Walsh only but dismissed the other claims upon initial screening on the basis that the prosecutor's office is not subject to § 1983 damages suits and a finding that Murphy's actions as a prosecutor were shielded by prosecutorial immunity. Civ. No. 15-2629, ECF Nos. 3 & 4.

Jones subsequently filed a First Amended Complaint alleging claims for false arrest, false imprisonment, malicious prosecution, selective enforcement, and official misconduct under New Jersey criminal law against Walsh. *See* Civ. No. 15-2629, ECF No. 16. On April 7, 2017, upon

another *sua sponte* screening and accounting for arguments raised in a dismissal motion by Walsh, I dismissed the false-arrest, false-imprisonment, and selective-enforcement claims as untimely, dismissed the malicious-prosecution claim for failure to show favorable termination, and dismissed with prejudice Jones's claim for official misconduct. Civ. No. 15-2629, ECF Nos. 31, 32.

Thereafter, Jones filed a Second Amended Complaint, which asserted claims against Walsh for malicious prosecution and selective enforcement. Civ. A. No. 15-2629, ECF No. 33. On March 8, 2018, I granted an unopposed motion by Walsh to dismiss the action. Civ. No. 15-2629, ECF Nos. 42, 48, 49. I dismissed the malicious-prosecution claim on the basis that Jones had failed to plead the required favorable-termination element and dismissed the selective-enforcement claim for failure to plead any personal involvement by Walsh. *See* ECF No. 15-2629, ECF No. 48 at 7–12. This dismissal was without prejudice to account for the possibility that Jones could, theoretically, at some point attain a favorable termination for the purposes of bringing a malicious-prosecution claim. Jones did not seek (nor receive) leave to file another amended pleading in that action.

## III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. DISCUSSION

Jones's Complaint suffers from fundamental timeliness problems. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious

from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run.").

Causes of action under 42 U.S.C. § 1983 are subject to the same two-year statute of limitations as claims for other personal injuries under New Jersey state law. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 349 (D.N.J. 2015) (citing *Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011)). Jones's Complaint in this action mentions no events occurring at any time after May 13, 2013, more than five years before he filed this Complaint. Thus, Jones's claims for false arrest and false imprisonment are facially untimely—just as they were when the Court dismissed very similar claims in April 2017. *See* ECF No. 15-2629, ECF No. 31 at 8–11. Jones made no attempt, either in that action or in this one, to demonstrate that his claims could be found timely under principles of statutory or equitable tolling. Accordingly, his false-arrest and false-imprisonment claims in this action must similarly be dismissed as untimely.[1]

---

[1] I note that if Jones had filed his present pleading as a proposed amended complaint in his prior action, he could argue that his claims should relate back to the date of the original pleading therein. This argument would fail for several reasons. First, Jones has not sought nor been granted to file an amended pleading in that action. *See* Fed. R. Civ. P. 15. Second, Jones has now impleaded several new defendants, but has not made any showing that relation back would be warranted as to them. Finally, and most importantly, even if his claims herein could relate back to his original pleading in his prior action, I previously dismissed the false arrest and false imprisonment claims in that proceeding as untimely. Thus, even treating the complaint in this action as an amended complaint in the prior one and permitting relation back would not render Jones's false-arrest and false-imprisonment claims timely.

I note that the limitations period for Jones's malicious-prosecution claim could theoretically be reset by a decision regarding Jones's conviction or sentence that could be construed as a favorable termination. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). As in his prior action, however, Jones has failed to allege any facts that could show a favorable termination, which is a central element to a malicious-prosecution claim. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). Accordingly, his malicious-prosecution claim must be dismissed for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, the Complaint in this matter is dismissed upon initial screening under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Further attempts by Jones to raise the same claims, in either this action or a subsequent one, will be dismissed as frivolous (unless Jones can show changed circumstances demonstrating a favorable termination of the prosecution against him).

DATED: February 28, 2019                                      *s/Freda L. Wolfson*
                                                                            FREDA L. WOLFSON
                                                                            United States District Judge