# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCO N. JONES, | : |
| Plaintiff, | : Civ. No. 15-2619 (FLW) (LHG) |
| | : Civ. No. 18-10189 (FLW(LHG) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| MATTHEW MURPHY et al., | : |
| Defendants. | : |

This matter has been opened to the Court by Plaintiff's filing of a motion pursuant to Fed. R. Civ. P. 60(b), seeking to reopen *Jones v. Walsh*, Civ. No. 15-2629, and permitting him to proceed on a claim for malicious prosecution because he is now able to establish favorable termination. For the reasons explained below, I will deny the Rule 60(b) motion without prejudice to Plaintiff's filing of an Amended Complaint as to his malicious prosecution claim and a request to reopen in the later-filed action, *Jones v. Murphy*, Civ. No. 18-10189.

**a. The 2015 Complaint –** *Jones v. Walsh***, Civ. No. 15-2629**

On April 13, 2015, Plaintiff filed an action, alleging § 1983 claims against Joseph Walsh, Matthew Murphy, and John Doe defendants, which the Court construed as claims for false arrest, false imprisonment, and malicious prosecution. *See Jones v. Walsh*, Civ. No. 15-2629, ECF Nos. 1 & 3. I permitted the false-arrest and false-imprisonment claims to proceed as against Walsh only but dismissed the other claims upon initial screening on the basis that the prosecutor's office is not subject to § 1983 damages suits and a finding that Murphy's actions as a prosecutor were shielded by prosecutorial immunity. Civ. No. 15-2629, ECF Nos. 3 & 4.

Jones subsequently filed a First Amended Complaint alleging claims for false arrest, false imprisonment, malicious prosecution, selective enforcement, and official misconduct under New

Jersey criminal law against Walsh. *See* Civ. No. 15-2629, ECF No. 16. On April 7, 2017, upon another *sua sponte* screening and accounting for arguments raised in a dismissal motion by Walsh, I dismissed the false-arrest, false-imprisonment, and selective-enforcement claims as untimely, dismissed the malicious-prosecution claim for failure to show favorable termination, and dismissed with prejudice Jones's claim for official misconduct. Civ. No. 15-2629, ECF Nos. 31 & 32.

Thereafter, Jones filed a Second Amended Complaint, which asserted claims against Walsh for malicious prosecution and selective enforcement. Civ. No. 15-2629, ECF No. 33. On March 8, 2018, I granted an unopposed motion by Walsh to dismiss the action. Civ. No. 15-2629, ECF Nos. 42, 48, 49. I dismissed the malicious-prosecution claim on the basis that Jones had failed to plead the required favorable-termination element and dismissed the selective-enforcement claim for failure to plead any personal involvement by Walsh. *See* Civ. No. 15-2629, ECF No. 48 at 7–12. This dismissal was without prejudice to account for the possibility that Jones could, theoretically, at some point attain a favorable termination for the purposes of bringing a malicious-prosecution claim.

**b. The 2018 Complaint – *Jones v. Murphy*, Civ. No. 18-10189**

Several months later, on June 5, 2018, Plaintiff filed a new action, which was docketed as *Jones v. Murphy*, Civ. No. 18-10189. In that Complaint, Jones asserted various claims concerning criminal proceedings against him in 2012 and 2013. (*See* Civ. No. 18-10189, ECF No. 1.) Jones's factual allegations are unclear, but he seems to allege that defendant Joseph Walsh Jr. ("Walsh"), an officer with the Raritan police department, obtained a warrant for Jones's arrest, despite a lack of probable cause, from defendant Judge Robert Reed ("Judge Reed"). (*Id.* at 8–9.) Jones contends that Judge Reed subsequently let Walsh present false

testimony to secure an indictment against Jones and that Judge Reed conspired with the prosecutor, defendant Matthew Murphy ("Murphy"), and with Jones's public defender, defendant Matthew Katzenbach ("Katzenbach"), to coerce Jones into accepting a guilty plea. (*Id.* at 9, 11–14.) Jones alleges that Walsh arrested him and gave false testimony as retaliation for Jones "not cooperating or giving information about crimes that Walsh Jr, thought Plaintiff had." (*Id.* at 11.) Jones contends that Katzenbach, in order to get Jones to sign a plea deal, misrepresented to him that all "false allegations" had been dismissed, when, in fact, one remained. (*Id.* at 14.)

I construed Jones's complaint as attempting to assert claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution. (ECF No. 1 at 15.) On February 28, 2019, the Court screened the Complaint in *Jones v. Murphy*, Civ. No. 18-10189, for dismissal under 28 U.S.C. §§ 1915(e) and 1915A, and dismissed the Complaint without prejudice. The Court determined that Jones's claims for false arrest and false imprisonment were facially untimely—just as they were when the Court dismissed very similar claims in April 2017. (*See* Civ. No. 15-2629, ECF No. 31 at 8–11.) Jones made no attempt to demonstrate that his claims could be found timely under principles of statutory or equitable tolling. Accordingly, I dismissed the false-arrest and false-imprisonment claims as untimely.

In the screening opinion, I also noted that the limitations period for Jones's malicious-prosecution claim could theoretically be reset by a decision regarding Jones's conviction or sentence that could be construed as a favorable termination. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). As in his prior action, however, Jones failed to allege any facts that could show a favorable termination, which is a central element to a malicious-prosecution claim.

*See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). Accordingly, I dismissed without prejudice his malicious-prosecution claim for failure to state a claim.

   c. **The Rule 60(b) Motion**

On June 17, 2019, Plaintiff submitted a motion pursuant to Fed. R. Civ. P. 60(b) in *Jones v. Walsh*, Civ. No. 15-2629, seeking an Order vacating the Court's dismissal of the Second Amended Complaint as it relates to [the §] 1983 Malicious Prosecution' claims asserted[.]" (ECF No. 50 at 2.) Plaintiff appears to assert that he can now establish favorable termination as required for a malicious prosecution claim, and asks the Court to reopen *Jones v. Walsh*, Civ. No. 15-2629, and permit him to proceed on the malicious prosecution claim in his Second Amended Complaint. Plaintiff has attached a Consent Order from the Superior Court of New Jersey, Somerset County, Law Division, Criminal Part, dated January 29, 2018. That Order dismisses Indictment No. 12-07-00504 and vacates Plaintiff's guilty plea for hindering apprehension by providing false information in violation of N.J.S.A. 2C:29-3A(7). (*See* ECF No. 50, Exhibit A; *see also* Exhibit B, Judgment of Dismissal.)

Rule 60(b) permits courts, on motion, to relieve parties from "a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). From the outset, Rule 60(b) applies only to final judgments and appears to be the wrong procedural vehicle for Plaintiff's request. *See Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07–1588(JBS), 2008 WL 5156683, at *2 (D.N.J. Dec.5, 2008). As the Court of Appeals has recognized, an order dismissing a complaint without prejudice ordinarily does not constitute a final order. *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). If, however, "the plaintiff no longer can amend the complaint because ... the statute of limitations has run," then the dismissal is considered a

final order. *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 907 F.2d 1408, 1416 (3d Cir.1990); *see also Ahmed*, 297 F.3d at 207; *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007) ("Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims."). At the time Plaintiff filed his Rule 60(b) motion, the statute of limitations on the malicious prosecution claim had not yet run if I calculate the two-year period from January 29, 2018, the date the Indictment was dismissed and Plaintiff's conviction was vacated.

In addition, if I were to provide relief under Rule 60(b) and reinstate either of Plaintiff's cases, they would be subject to dismissal again because the Complaints in both actions do not plead favorable termination, which is a requirement for a malicious prosecution claim. Thus, it appears that the proper course of action is for Plaintiff to submit an Amended Complaint pursuant to Fed. R. Civ. P. 15, accompanied by a request to reopen. In light of Plaintiff's pro se status and timeliness concerns, I will direct the Clerk of the Court to docket the motion for Rule 60(b) relief in *Jones v. Murphy*, Civ. No. 18-10189. I will deny the motion for relief under Rule 60(b) <u>without prejudice</u> to Plaintiff's filing of <u>an Amended Complaint that sets forth all facts in support of Plaintiff's malicious prosecution claim in *Jones v. Murphy*, Civ. No. 18-10189, accompanied by a request to reopen</u>.[1] If Plaintiff files the request to reopen and an Amended

---

[1] Plaintiff's Amended Complaint must provide facts to support each element of a malicious prosecution claim. "To prove malicious prosecution under [§ ] 1983, a plaintiff must show that:

(1) the defendants initiated a criminal proceeding;

(2) the criminal proceeding ended in plaintiff's favor;

(3) the proceeding was initiated without probable cause;

(4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

5

Complaint in *Jones v. Murphy*, Civ. No. 18-10189 within 45 days of the date of this Memorandum and Order, the Court will deem it filed as of June 17, 2019, the date he submitted his Rule 60(b) motion for filing.

**IT IS, THEREFORE,** on this 27th day of February 2020,

**ORDERED** that the Clerk of the Court shall mark *Jones v. Walsh*, Civ. No. 15-2629 and *Jones v. Murphy*, Civ. No. 18-10189 as **OPEN** so that the Court may consider Plaintiff's submission; and it is further

**ORDERED** that the Clerk of the Court shall docket Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 50) in *Jones v. Murphy*, Civ. No. 18-10189; and it is further

**ORDERED** that the Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 50) is **DENIED WITHOUT PREJUDICE** to Plaintiff's filing of an Amended Complaint and request to reopen in *Jones v. Murphy*, Civ. No. 18-10189, within 45 days of the date of this Memorandum and Order; and it is further

**ORDERED** that if Plaintiff files an Amended Complaint in *Jones v. Murphy*, Civ. No. 18-10189, within 45 days of the date of the Memorandum and Order, the Court will deem it filed as of June 17, 2019; and it is further

**ORDERED** that if Plaintiff fails to file an Amended Complaint within the time specified by the Court, any Amended Complaint filed in *Jones v. Walsh*, Civ. No. 15-2629 or *Jones v. Murphy*, Civ. No. 18-10189, may be subject to dismissal as untimely; and it is further

---

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

**ORDERED** that the Clerk of the Court shall docket this Memorandum and Order in *Jones v. Walsh*, Civ. No. 15-2629 <u>and</u> *Jones v. Murphy*, Civ. No. 18-10189; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file and **CLOSE** *Jones v. Walsh*, Civ. No. 15-2629 and *Jones v. Murphy*, Civ. No. 18-10189, accordingly.

<u>/s/ Freda L. Wolfson</u>
Freda L. Wolfson
U.S. Chief District Judge